UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW R. RUTH,<br><br>             Plaintiff,<br><br>    v.<br><br>KING COUNTY DEPARTMENT OF<br>ADULT DETENTION, *et al.*,<br><br>             Defendants. | Case No. C22-1834-DGE-MLP<br><br>ORDER DENYING PLAINTIFF'S<br>SECOND REQUEST FOR<br>APPOINTMENT OF COUNSEL |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Matthew Ruth is currently confined at the Pierce County Jail, and he has submitted to the Court for consideration a request for appointment of counsel. (Dkt. # 15.) This is Plaintiff's second such request.

Plaintiff submitted his initial request for counsel in conjunction with his original pleading. (*See* dkt. ## 1-2, 11.) This Court denied that request in an Order issued March 24, 2023. (Dkt. # 13.) The Court noted in its Order that it was awaiting Plaintiff's submission of his complaint on the Court's standard form, which it expected would lend some clarity to Plaintiff's claims, and explained that until that pleading was submitted any request for counsel was premature. (*Id.* at 2.) Plaintiff was advised that he could renew his request for counsel at a later

ORDER DENYING PLAINTIFF'S SECOND
REQUEST FOR APPOINTMENT OF COUNSEL - 1

date if he believed he could satisfy the standard for appointment of counsel that the Court set forth in the Order. (*Id.*)

Plaintiff's second request for counsel was included in a letter Plaintiff submitted to the Court on April 7, 2023, together with the complaint he was directed to file on the Court's standard form. (*See* dkt. # 15 at 2.) The sole basis of Plaintiff's renewed request for counsel appears to be his claim that Pierce County will not allow him to use the law library because it does not recognize his *pro se* status. (*See id.*)

As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has yet to establish any entitlement to counsel under the factors identified above. Indeed, Plaintiff makes no effort in his second request for counsel to even address those factors. Plaintiff's claim that Pierce County has thus far not allowed him access to the law library is insufficient to demonstrate that appointment of counsel is warranted in this case. And, contrary to this Court's expectations, Plaintiff's recently filed new pleading lacks sufficient clarity for the Court to render any decision regarding Plaintiff's likelihood of success on the merits of his claims, or to accurately assess how complex the legal issues Plaintiff intends to present might actually be.

ORDER DENYING PLAINTIFF'S SECOND
REQUEST FOR APPOINTMENT OF COUNSEL - 2

The Court has issued in conjunction with this Order an Order granting Plaintiff leave to file a second amended complaint, in which it provides Plaintiff guidance as to what he will need to do to adequately state a claim for relief in this action. If Plaintiff carefully follows that guidance, he should be able to present a pleading that will allow the Court to make the necessary assessment as to whether appointment of counsel might be appropriate. At this juncture, however, Plaintiff has not established that appointment of counsel is warranted.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's second request for appointment of counsel (dkt. # 15) is DENIED.

(2) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable David G. Estudillo.

DATED this 2nd day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge