1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    MATTHEW R. RUTH,

9                                     Plaintiff,          Case No. C22-1834-DGE-MLP

10          v.

11    KING COUNTY DEPARTMENT OF          REPORT AND RECOMMENDATION
      ADULT DETENTION, *et al*.,

12                                     Defendants.

13

14          **I.      INTRODUCTION AND SUMMARY CONCLUSION**

15          This is a *pro se* prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff

16    Matthew Ruth has been granted leave to proceed with this action *in forma pauperis*. Service has

17    not been ordered. This Court, having reviewed Plaintiff's third amended complaint, and the

18    balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this

19    action. The Court therefore recommends that Plaintiff's third amended complaint and this action

20    be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

21          **II.      BACKGROUND**

22          Plaintiff submitted his original complaint to the Court for filing on December 27, 2022.

23    (*See* dkt. # 1-1.) Because it was difficult to discern from Plaintiff's initial pleading who the

REPORT AND RECOMMENDATION
PAGE - 1

intended defendants were and what claims he intended to assert, the Court directed him to submit a new complaint on the Court's standard form. (*See* dkt. # 7 at 2-4.) Plaintiff submitted his new complaint on April 7, 2023. (*See* dkt. # 14, First Amended Complaint ("FAC").)

Plaintiff set forth three claims in his FAC, two of which appeared to allege violations of his constitutional rights arising out of the conditions of his confinement at the King County Jail. (*See* FAC at 4-5, 7-8.) Plaintiff's remaining claim appeared to relate to his arrest by Seattle police officers, which led to his confinement in the King County Jail, and to the disposition of charges filed against him following his arrest. (*See id*. at 6-7.) Plaintiff identified the following Defendants in his FAC: King County Adult Detention; King County Corrections Officer ("C/O") Ali; C/O Frazier; the King County Jail's 8E Floor Staff and Medical Staff; three unidentified "state agents"; the King County Jail; the SPD; unidentified SPD arresting officers; Jamie Ponsford; the Washington Department of Corrections; Verizon; Verizon Pre-Pay Service; and "all [Verizon] staff I talked to." (*See id*. at 1, 3.) Plaintiff requested compensatory and punitive damages, replacement of his laptop and cell phones, and free Verizon service for life. (*Id*. at 10.)

After reviewing Plaintiff's FAC, this Court concluded that Plaintiff had not adequately alleged a cause of action against any of the Defendants named therein. Thus, on May 2, 2023, the Court issued an Order declining to serve Plaintiff's FAC and granting him leave to file a second amended complaint ("SAC") correcting a number of deficiencies specified in the Order. (Dkt. # 18.) The Court noted, in particular that Plaintiff's complaint was generally deficient because it did not comply with Fed. R. Civ. P. 8(a), which requires that a pleading contain a short and plain statement of each claim showing that the pleader is entitled to relief. (*Id*. at 5.) The Court observed that Plaintiff's statement of his claims lacked sufficient clarity and specificity to put any Defendant on notice of his claims and the precise grounds upon which they rested. (*Id*. at 5-

REPORT AND RECOMMENDATION
PAGE - 2

6.) The Court went on to explain that liability in an action brought under § 1983 is individual and, thus, a plaintiff must identify with specificity the individual(s) he believed had caused him harm, and he must set forth specific facts demonstrating that each individual named as a defendant had personally participated in causing him harm of federal constitutional dimension. (*Id*. at 6.) The Court advised that any claim of harm that was not directly connected to a named defendant would be subject to dismissal. (*Id*.)

The Court also identified in its Order specific deficiencies regarding various Defendants identified in the FAC, as well as deficiencies regarding the claims it appeared Plaintiff was attempting to assert. (*See* dkt. # 18 at 6-9.) As to the Defendants, the Court noted that many of the named Defendants were not subject to suit under § 1983. (*Id*. at 6-8.) As to the asserted claims, the Court advised that Plaintiff failed to state his claims with sufficient clarity to permit them to proceed. (*Id*. at 8.) The Court noted that in each of his three counts, Plaintiff set forth a laundry list of alleged violations and then asserted facts which were too vague to support the alleged violations. (*Id*.) The Court specifically advised Plaintiff that if he wished to proceed with this action "he must identify each alleged violation separately, *i.e.*, in a separate count of his complaint, he must identify the individual defendants who committed each violation, and he must set forth clear and specific facts linking the alleged violations to the named defendants." (*Id*. at 8-9.)

Plaintiff filed his SAC on May 25, 2023. (*See* dkt. # 21.) Plaintiff's SAC was very difficult to read because it was almost illegible in places, and it lacked the structure of the FAC, making the claims difficult to decipher. (*See id*.) The SAC did not identify individual claims for relief but, instead, merely listed each Defendant and then provided an often difficult to follow description of how Plaintiff believed the named Defendant caused him harm. (*See id*. at 4-7.) The

REPORT AND RECOMMENDATION
PAGE - 3

claims asserted in Plaintiff's SAC appeared to pertain to: (1) the conditions of his confinement at the King County Jail; (2) his ongoing criminal prosecution in Pierce County Superior Court; (3) a "contract dispute" of some kind involving the Washington Department of Corrections' ("DOC") Community Corrections Division; and (4) his arrest by an SPD officer. (*See id*.)

Plaintiff identified the following Defendants in his SAC: King County; Pierce County; King County C/O Frazier; C/O Ali; former DOC official Robert Herzog; DOC Executive Strategy Team members Mac Pevey, Bonnie Francisco, and Sean Murphy; SPD Officer Elizabeth Kennedy; Pierce County Prosecuting Attorney Mary Robnett and Deputy Prosecuting Attorney Joe Scovel; and Pierce County Jail staff member E. Hausner. (*See* SAC at 1, 3-7.) Plaintiff requested compensatory and punitive damages, and injunctive relief. (*See id*. at 8.)

After reviewing Plaintiff's SAC, this Court once again concluded that Plaintiff's pleading was deficient, and the Court therefore issued an Order declining to serve Plaintiff's SAC and granting him leave to file a third amended complaint ("TAC") correcting a number of specified deficiencies. (Dkt. # 22.) The Court explained therein that though Plaintiff had made efforts to identify appropriate Defendants in his SAC, he had largely disregarded the guidance provided by the Court as to what he would need to do to correct the deficiencies in the claims asserted in his FAC. (*Id*. at 6.) In particular, the Court noted that Plaintiff's SAC failed to comply with Fed. R. Civ. P. 8(a) as his statement of his claims lacked sufficient clarity and specificity to put any Defendant on notice of the claims he intended to assert *and* the specific grounds upon which the rested. (*Id*. at 6-7.) The Court also explained that it was not sufficient to merely identify the constitutional right that was allegedly violated by each Defendant; clear and relevant facts would also have to be presented in support of each claim. (*Id*. at 7.) The Court advised that this meant Plaintiff would have to explain when, where, and how each of the alleged constitutional

REPORT AND RECOMMENDATION
PAGE - 4

violations occurred. (*Id.*) Finally, the Court observed that Plaintiff's SAC appeared to contain claims unrelated to the claims originally asserted in this action, which pertained primarily to the conditions of Plaintiff's confinement at the King County Jail, and the Court advised that Plaintiff would not be permitted to add to this action unrelated claims against unrelated Defendants. (*See id.* at 7-8.)

Plaintiff filed a TAC on July 24, 2023. (Dkt. # 24.) Plaintiff was at that time confined at the South Correctional Entity Jail ("SCORE") in Des Moines, Washington. (*See id.* at 2.) Portions of Plaintiff's TAC are almost completely illegible because the writing is too faint to decipher. The Court is, however, able discern Plaintiff's basic allegations. Plaintiff alleges in the first count of his TAC that King County C/Os Frazier and Ali subjected him to cruel and unusual punishment and violated his rights to equal protection and due process. (*Id.* at 4-5.) Plaintiff appears to allege in the second count of his TAC that DOC Community Corrections Officers ("CCOs") Travis Albretch and Joe Smeally likewise subjected him to cruel and unusual punishment and violated his rights to equal protection and due process. (*See id.* at 6-7.)

Plaintiff alleges in support of his first count that C/Os Frazier and Ali: (1) beat him; (2) opened his cell door so he could be beaten by others; (3) told him to plead guilty or he would be killed; (4) told all staff to ignore him; (5) denied him unspecified medical treatment; (6) made him wear the same clothes for eight weeks; (7) starved him for three days; (8) made him drink "arsenic water"; (9) flooded his cell with feces and urine and refused to let him out; (10) told him and African-American inmates that the DOC had him listed as a white supremacist and a member of the Aryan family; (11) told him that "Jews deserve to live in shit and squalor" after he advised them he was "Israli (sic)/Irish/Native; (12) turned his attorney away; and (13) "stomped" on his head. (TAC at 4-5.) Plaintiff claims that, as a result of Defendants' alleged

REPORT AND RECOMMENDATION
PAGE - 5

1    misconduct, his head was "bashed," his ribs were broken, he lived in constant fear of death, and

2    he entered a guilty plea to a crime he didn't commit. (*Id*. at 5.)

3         The facts alleged in support of Plaintiff's second count are extremely difficult to decipher

4    given the faintness of the writing. (*See* TAC at 6-7). However, Plaintiff's main complaint against

5    CCOs Albretch and Smeally appears to be that they classified him as a white supremacist which

6    caused him to encounter problems at the Jail, which in turn caused him to plead guilty to

7    offenses which the CCOs are now attempting to use to revoke his community custody. (*Id*.)

8    Plaintiff asserts that CCOs Albretch and Smeally, whom he indicates he has never met, wrote

9    untrue things about him in the revocation report and prove "bias retaliation to keep me

10   incarcerated." (*Id*. at 7.)

11        Plaintiff's request for relief is also somewhat difficult to decipher, but he appears to

12   request damages, an order directing the DOC to declassify him as a member of the Aryan Family

13   and as a white supremacist, and an order directing a fair investigation of his community custody

14   violations. (*See* TAC at 9.)

15                 **III.    DISCUSSION**

16        Under the Prison Litigation Reform Act of 1996, the Court is required to screen

17   complaints brought by prisoners seeking relief against a governmental entity or officer or

18   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

19   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

20   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

21   who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v.*

22   *Harrington*, 152 F.3d 1193 (9th Cir. 1998).

23

REPORT AND RECOMMENDATION
PAGE - 6

The Court has screened Plaintiff's various proposed pleadings on multiple occasions and has attempted through that process to provide him guidance as to what is necessary for him to adequately allege a cause of action under § 1983, but Plaintiff has largely failed to follow that guidance. Plaintiff's most recent submission is barely legible and those portions that are legible do not adequately state any claim for relief against Defendants. In the first count of his TAC, Plaintiff lists the various constitutional rights he believes were violated by the conduct of C/Os Ali and Frazier, and provides a lengthy list of alleged improper conduct attributable to them, but Plaintiff provides no supporting facts. Plaintiff was specifically advised in the Court's Order granting him leave to file a TAC that he must explain when, where and how each of the alleged violations of his rights occurred, which Plaintiff has failed to do. Absent supporting facts, it is impossible to discern whether the alleged misconduct raises issues of federal constitutional concern and the lack of supporting facts also deprives the intended Defendants of fair notice of Plaintiff's claims and the grounds upon which they rest. Plaintiff's claims against CCOs Albretch and Smeally are equally vague and insufficient to implicate federal constitutional concerns.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's TAC and this action be dismissed without prejudice under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim for relief under § 1983. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 15, 2023**.

DATED this 22nd day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8